UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AARON LAMPHIER-DEUEL,

        Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                                  18-CV-6161S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

1. Plaintiff Aaron Lamphier-Deuel brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his applications for disability insurance benefits and supplemental security income under Titles II & XVI of the Act. (Docket No. 1). This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

2. Plaintiff filed his applications with the Social Security on May 29, 2014. (R.[1] at 12, 217). Plaintiff alleged disability beginning on June 22, 2012, due to "anxiety, PTSD, seasonal adjustment disorder, panic attacks, dizziness, legs/hands shake, heart races/sweats, blackouts, allergies, and stomach pains." (R. at 221). Plaintiff's applications were denied (R. at 101-112), and Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ") (R. at 113).

3. On October 20, 2016, ALJ Michael W. Devlin held a hearing at which Plaintiff—represented by counsel—and Vocational Expert Andrew Pasternak appeared and testified. (R. at 33-66). At the time of the hearing, Plaintiff was 27 years old (R. at

---

[1] Citations to the underlying administrative record are designated as "R."

38, 217), with a General Equivalency Degree ("GED") and an education certificate in building trades (R. at 38-39, 222). Plaintiff had no past relevant work experience. (R. at 63).

4. The ALJ considered the case *de novo* and, on February 9, 2017, issued a written decision denying Plaintiff's applications for benefits. (R. at 13-27). On December 27, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 6-11). Plaintiff filed the current action, challenging the Commissioner's final decision,[2] on February 23, 2018. (Docket No. 1).

5. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 13, 15). Plaintiff filed a response on February 15, 2019 (Docket No. 16), at which time this Court took the matter under advisement without oral argument. For the reasons that follow, Plaintiff's motion is denied and Defendant's motion is granted.

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842, 852 (1971). Where

---

[2] The ALJ's February 9, 2017 decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119, 126-127 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not,

>    the [Commissioner] next considers whether the claimant has
>    a "severe impairment" which significantly limits his physical or
>    mental ability to do basic work activities. If the claimant
>    suffers such an impairment, the third inquiry is whether, based
>    solely on medical evidence, the claimant has an impairment
>    which is listed in Appendix 1 of the regulations. If the claimant
>    has such an impairment, the [Commissioner] will consider him
>    disabled without considering vocational factors such as age,
>    education, and work experience; the [Commissioner]
>    presumes that a claimant who is afflicted with a "listed"
>    impairment is unable to perform substantial gainful activity.
>    Assuming the claimant does not have a listed impairment, the
>    fourth inquiry is whether, despite the claimant's severe
>    impairment, he has the residual functional capacity to perform
>    his past work. Finally, if the claimant is unable to perform his
>    past work, the [Commissioner] then determines whether there
>    is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10.     Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66, 70 (1983).

11.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 29, 2014. (R. at 14). At step two, the ALJ found that Plaintiff has the

following severe impairments: left shoulder impairment; asthma; dysthymic disorder; major depressive disorder; panic disorder; anxiety disorder; and post-traumatic stress disorder ("PTSD").  Id.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. at 15).

12. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertion levels but with the following nonexertional limitations:

> [Plaintiff] can frequently reach with his non-dominant left arm; he must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation; he can understand, remember, and carry out simple instructions and tasks, he can only occasionally interact with coworkers and supervisors and have little to no contact with the general public; he is only able to work in low-stress environments, defined as having no supervisory duties, no independent decision-making required, no strict production quotas, and minimal changes in work routines and processes; and he can consistently maintain concentration and focus only up to two hours at a time.

(R. at 16-17).

13. At step four, the ALJ found that Plaintiff had no past relevant work experience.  (R. at 20).  At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Id.  Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 22).

14. Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because (1) the ALJ failed to properly consider Plaintiff's panic

attacks; and (2) the ALJ failed to properly evaluate the medical opinion evidence of record. (Docket No. 13 at 9-15). For the reasons that follow, these arguments are unavailing.

15. Plaintiff first argues that the ALJ failed to properly evaluate Plaintiff's panic attacks in determining his RFC. (Docket No. 13 at 9).

16. A claimant's RFC reflects "what an individual can still do despite his or her limitations." Desmond v. Astrue, 2012 U.S. Dist. LEXIS 179805, *14, 2012 WL 6648625, *5 (N.D.N.Y. Dec. 20, 2012) (quoting Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999)). To determine a claimant's RFC, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." Id. (citing 20 C.F.R. § 404.1545(a)).

17. An ALJ is "entitled to weigh all of the evidence available to make an RFC determination that [is] consistent with the record as a whole." Matta v. Astrue, 508 Fed. App'x 53, 56 (2d Cir. 2013) (summary order). In doing so, "[t]he [ALJ] is entitled to rely not only on what the record says, but also on what it does not say." Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983).

18. Here, Plaintiff contends both that the ALJ "did not account for Plaintiff's panic attacks" (Docket No. 13 at 12) and that the ALJ "accounted for Plaintiff's panic attacks with essentially a limited range of simple work." (Docket No. 13 at 9). Neither of these statements is accurate.

19. Here, the ALJ found Plaintiff's panic disorder to be a severe impairment. (R. at 14) and noted that Plaintiff "has significant panic attacks that impact his social functioning." (R. at 16).

6

20. Although the record shows that "medication has had some benefit to him," the ALJ found that Plaintiff "has continued experiencing panic attacks despite treatment, and these have certainly eroded his functioning." (R. at 20). Specifically, the ALJ determined that "[Plaintiff's] panic attacks, coupled with his other mental symptoms, including anxious and depressed mood, would limit his ability to understand, remember, and carry out instructions, deal with others, and manage stress, as well as his ability to maintain concentration and focus." Id.

21. Accordingly, the ALJ found Plaintiff to have a reduced RFC, with limitations in the areas of social interaction and stress management as follows:

> [Plaintiff] can only occasionally interact with coworkers and supervisors and have little to no contact with the general public; he is only able to work in low-stress environments, defined as having no supervisory duties, no independent decision-making required, no strict production quotas, and minimal changes in work routines and processes; and he can consistently maintain concentration and focus only up to two hours at a time.

(R. at 16).

22. Plaintiff's dismissal of the ALJ's findings as "essentially a range of simple work" ignores the ALJ's careful consideration of Plaintiff's limitations and significantly reduced RFC. Moreover, Plaintiff fails to point to evidence in the record that demonstrates that a more restrictive RFC is appropriate. See 20 C.F.R. § 404.1545(a)(3) (the claimant is responsible for providing the evidence used in the residual functional capacity determination); see also Dumas, 712 F.2d at 1553.

23. Instead, Plaintiff asserts that "panic attacks […] are episodic in nature and would preclude Plaintiff's ability to perform any work at random times that Plaintiff is unable to anticipate," and that "[t]he logical functional effect of Plaintiff's panic attacks

7

would the need [sic] for unscheduled breaks, or difficulty maintaining a consistent schedule." (Docket No. 13 at 9, 11).

24. Plaintiff further maintains that "[w]here a claimant's impairments cause episodic symptoms, the ALJ must adequately account for that in the RFC." Id. at 11, citing Merritt v. Comm'r of Soc. Sec. 2016 U.S. Dist. LEXIS 148356, at *23, 2016 WL 6246436 (W.D.N.Y. Oct. 26, 2016).

25. However, Merritt did not involve "episodic symptoms" or how an ALJ should assess them. Rather, the portion of the Merritt holding that Plaintiff relies on is concerned with the ALJ's erroneous step two determination that a claimant's headaches were not a severe impairment. Merritt at *23. The Merritt court found this determination to be "contradicted by the full record," and held that "[t]his error requires reversal and remand for reconsideration." Id. at *16.

26. Here, the ALJ properly found Plaintiff's panic disorder to be a severe impairment at step two. (R. at 14-15). Therefore, Plaintiff's reliance on Merritt is misplaced. Moreover, it is clear that the ALJ did account for Plaintiff's panic attacks and incorporated multiple, detailed limitations in the RFC due to these episodes. (R. at 20).

27. Because Plaintiff has not demonstrated that a more restrictive RFC is warranted, this Court finds Plaintiff's first argument to be without merit.

28. Plaintiff next argues that the ALJ failed to properly evaluate the opinion of consultative examiner Dr. Harbinder Toor. (Docket No. 13 at 13). Specifically, Plaintiff contends that the ALJ erred in affording Dr. Toor's opinion significant weight but omitting limitations on pushing, pulling and lifting in the RFC. Id. This argument is also unavailing.

8

29. Dr. Toor examined Plaintiff on August 18, 2014. (R. at 364-67). Plaintiff complained of pain in his left shoulder, anxiety, depression, PTSD, and seasonal adjustment disorder. (R. at 364). Plaintiff's reported daily activities included cooking, cleaning, laundry, and shopping, and he also fished as a hobby. (R. at 365).

30. Dr. Toor noted that Plaintiff "had slight difficulty changing for the exam because of pain in the left shoulder" and had less than full range of motion of the left shoulder. (R. at 365-66). Dr. Toor opined that "[Plaintiff] has mild to moderate limitation pushing, pulling, lifting, and reaching with left shoulder pain [and] [h]e should avoid irritants or other factors which can precipitate asthma." (R. at 367).

31. The ALJ found that "Dr. Toor's findings largely match those found elsewhere in the record showing mostly modest restrictions in physical functioning" and gave the opinion "significant weight." (R. at 18). The ALJ found that the record supported Dr. Toor's recommendation that Plaintiff avoid irritants, noting that "[g]iven [Plaintiff's] asthma, he would need to avoid concentrated exposures to environmental irritants." (R. at 20).

32. However, the ALJ also noted that Dr. Toor "examin[ed] [Plaintiff] only once" (R. at 18) and that "[t]here is little in the record to indicate that [Plaintiff] has any problem with exertional abilities" (R. at 20).

33. The ALJ found that "[Plaintiff's] left shoulder impairment has not impeded his ability to lift or carry, and he has even been demonstrated as having full ranges of motion and full strength." (R. at 20). "At most," the ALJ observed, Plaintiff's left shoulder impairment "limits him to only frequent reaching with that non-dominant extremity." Id.

34. A review of the record supports this assessment. Plaintiff demonstrated a "[f]ull range of motion of the left shoulder with 5/5 hand grip" on December 13, 2013, (R.

9

at 319) and November 4, 2014, (R. at 496). On March 4, 2015 (R. at 503), and again on June 9, 2015 (R. at 509), Plaintiff had symmetrical, 5/5 motor strength throughout with no obvious weaknesses. On October 5, 2016, Plaintiff reported no musculoskeletal symptoms and his strength was normal in all extremities. (R. at 630-31).

35. Plaintiff's reported daily activities also tend to belie the need for additional exertional limitations. On July 17, 2014, Plaintiff completed an adult function report detailing how his impairments and symptoms limit his activities. (R. at 230-40).

36. Plaintiff indicated that he needs no assistance with personal care or cleaning, he cooks daily, and is able to drive, shop, and manage money. (R. at 231-34). Plaintiff enjoys fishing and hiking, which he does daily, although he does "less hiking" now but can still walk a mile before having to stop and rest. (R. at 234).

37. Asked to explain how his conditions limit his abilities with respect to lifting, standing, walking, sitting, climbing stairs, kneeling, squatting, reaching, and using hands, Plaintiff gave no answer. (R. at 235-36).

38. In the section of the form that asks about pain, Plaintiff wrote only about his anxiety. (R. at 238). In response to a question about where he feels pain, Plaintiff responded, "no pain anxiety." Id. In the same section, Plaintiff indicated that his activities include walking, fishing, chores, and driving. (R. at 240). Asked to describe how these activities have been affected by pain, Plaintiff gave no answer. Id.

39. Where, as here, "the medical evidence shows relatively minor physical impairment, 'an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment.'" Wilson v. Colvin, 2015 U.S. Dist. LEXIS 27804, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (quoting House v.

Astrue, 2013 U.S. Dist. LEXIS 13695, 2013 WL 422058 at *4 (N.D.N.Y. Feb. 1, 2013) (internal quotation omitted in original; further citations omitted)).

40. For the foregoing reasons, this Court finds that the ALJ's RFC determination is supported by the record and that Plaintiff has failed to demonstrate that any more restrictive limitations are warranted by the medical evidence. Because this Court finds that the ALJ's decision is supported by substantial evidence, remand is not warranted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: October 1, 2019
Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge